Hajovsky v Berkely Coop. Towers Sec. III Corp. (2020 NY Slip Op 00573)





Hajovsky v Berkely Coop. Towers Sec. III Corp.


2020 NY Slip Op 00573


Decided on January 29, 2020


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on January 29, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

ALAN D. SCHEINKMAN, P.J.
HECTOR D. LASALLE
VALERIE BRATHWAITE NELSON
ANGELA G. IANNACCI, JJ.


2018-02182
 (Index No. 704207/17)

[*1]Michael Hajovsky, appellant, 
v
Berkely Cooperative Towers Sec. III Corp., et al., respondents.


Wagner, Berkow & Brandt LLP, New York, NY (Ian Brandt of counsel), for appellant.
Braverman Greenspun, P.C., New York, NY (Andreas E. Theodosiou of counsel), for respondents.



DECISION & ORDER
In an action, inter alia, for declaratory and injunctive relief, the plaintiff appeals from an order of the Supreme Court, Queens County (Frederick D.R. Sampson, J.), dated December 12, 2017. The order, insofar as appealed from, granted that branch of the defendants' motion which was pursuant to CPLR 3211(a)(1) to dismiss the complaint.
ORDERED that the order is affirmed insofar as appealed from, with costs.
The plaintiff is a tenant-shareholder in the defendant cooperative housing corporation, Berkely Cooperative Towers Sec. III Corp. (hereinafter the co-op). The plaintiff and the co-op are parties to an occupancy agreement, which governs their respective rights and responsibilities with regard to the plaintiff's occupancy in the cooperative housing unit, and a parking license agreement, which governs the plaintiff's use of a garaged parking space belonging to the co-op.
At the heart of this dispute lies a resolution passed by the co-op's Board of Directors (hereinafter the Board resolution) which requires all shareholders with a parking license agreement, such as the plaintiff, to submit evidence of "a valid driver's license and current automobile registration, both in the shareholder's name." Shortly after the passage of the Board resolution, the plaintiff filed a complaint with the New York State Division of Human Rights (hereinafter the Division) alleging that the vehicle registration requirement was an unlawful discriminatory practice. The plaintiff alleged that, due to a disability, there are periods of time in which he is unable to drive, and that during those periods he should not be required to submit his vehicle's registration.
The co-op answered the complaint, and thereafter, the Division issued a determination dismissing the plaintiff's complaint and closing the file based on its determination that there was no probable cause to believe that the co-op had engaged in an unlawful discriminatory practice. The Division premised the finding of no probable cause on the plaintiff's failure to "provide any information regarding his disability," and his failure to demonstrate a "nexus" between the "accommodation he is seeking" and a "medical need."
Thereafter, the co-op demanded reimbursement for the attorneys' fees it had expended in defending against the plaintiff's discrimination complaint, claiming a contractual entitlement to such fees, and the plaintiff tendered such payment to the co-op.
The Division then, sua sponte, reopened the plaintiff's case "to correct the error of law . . . relative to the definition of disability . . . and proof required to establish disability." After reopening the plaintiff's case, the Division again dismissed the complaint based on a finding of no probable cause. Notably, the Division stated that, while the plaintiff had provided the appropriate evidence to establish his disability under the corrected legal standard, he still had failed to establish the requisite nexus between the requested accommodation and his medical needs.
The plaintiff then demanded that he be reimbursed for the funds that he tendered to the co-op for the attorneys' fees the co-op expended in defending against the Division complaint. The co-op rejected the plaintiff's demand, and in turn, demanded additional sums from the plaintiff "representing the reasonable attorney's fees which the Cooperative incurred" as a result of, inter alia, the reopening of the plaintiff's case with the Division.
The plaintiff then commenced the instant action against the co-op, among others, seeking injunctive, declaratory, and monetary relief. The plaintiff alleged, inter alia, that the co-op had no legal right to recover attorneys' fees from the plaintiff, including, but not limited to, the amount the plaintiff previously tendered. The plaintiff sought, among other things, a declaration that the co-op could not terminate the plaintiff's parking license absent the plaintiff's "monetary default" under the parking license agreement. The defendants moved, inter alia, pursuant to CPLR 3211(a)(1) to dismiss the complaint. The Supreme Court granted that branch of the defendants' motion, and the plaintiff appeals.
The plaintiff's main contention in support of reversal is that the defendants failed to demonstrate that the plaintiff was in default under the subject agreements. The plaintiff raises this contention for the first time on appeal and, as such, it is not properly before this Court (see R.L. v New York City Dept. of Educ., 175 AD3d 477, 479).
The plaintiff's remaining contentions are either without merit or not properly before this Court.
Accordingly, we agree with the Supreme Court's determination denying that branch of the defendants' motion which was pursuant to CPLR 3211(a)(1) to dismiss the complaint.
SCHEINKMAN, P.J., LASALLE, BRATHWAITE NELSON and IANNACCI, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court